```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF MARYLAND
```

ACQUALINE PRIDGET,              *

    Plaintiff,                  *

v.                              *   Civil Action No. GLR-16-1497

MONIKA HILL, et al.,            *

    Defendants.                 *

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Acqualine Pridget's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2).  The Court will grant Pridget's Motion.  For the reasons that follow, however, the Court will dismiss her Complaint under 28 U.S.C. § 1915 (2012).

## I.   BACKGROUND[1]

In 2012, while at the Mayor's Office of Employment and Development, Pridget met Defendant Monika Hill, who touted her ability to file tax returns.  (ECF No. 1).  Pridget agreed to have Hill complete her 2012 tax return, but later asked Hill, by phone and email, not to file her tax return after she learned that Hill would charge $500.  (Id.).  Nonetheless, Hill prepared and filed Pridget's tax return and "had the money routed to a money card (NetSpend) as well as another card for an authorized user by the name of Charmaine Jones."  (Id.).  Pridget maintains that Hill and Jones "stole" her tax return and by the time she realized where the

---

[1] The Court has taken the facts in this section from Pridget's Complaint (ECF No. 1).

return was, all of the funds were "exhausted." (Id.). Pridget confronted Hill, and Hill stated that she did not file Pridget's return. (Id.). As relief, Pridget seeks $3,000 in damages and Hill's prosecution. (Id.).

## II.  DISCUSSION

Because she seeks to proceed in forma pauperis, the Court must screen Pridget's Complaint. See 28 U.S.C. § 1915(e)(2)(B) (2012); Michau v. Charleston Cty., S.C., 434 F.3d 725, 728 (4th Cir. 2006). The Court may consider subject matter jurisdiction as part of its screening. See Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004). ("[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court.").

"Federal courts are courts of limited jurisdiction." Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 432 (4th Cir. 2014) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Federal district courts have original jurisdiction over civil actions that arise under federal law, 28 U.S.C. § 1331 (2012), or have an amount in controversy exceeding $75,000, exclusive of interests and costs, and complete diversity of citizenship, 28 U.S.C. § 1332(a) (2012).

2

The Court has carefully reviewed Pridget's Complaint and finds that Pridget has not alleged a federal claim.  At best, she alleges tortious conduct or breach of contract on the part of Hill.  Pridget, however, alleges neither complete diversity nor more than $75,000 in controversy.  Accordingly, the Court concludes that it does not have subject-matter jurisdiction over this action, and the Court will dismiss Pridget's Complaint.

### III. CONCLUSION

For the foregoing reasons, Pridget's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) is GRANTED and her Complaint (ECF No. 1) is DISMISSED.  The Court will direct the Clerk to CLOSE this case.  A separate Order follows.

Entered this 3rd day of August, 2016

/s/
_____
George L. Russell, III
United States District Court Judge